This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                      **No. A-1-CA-35978**

**JULIAN ROMERO,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Meryl Francolini, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** The district court excluded the testimony of one of the State's witnesses as a sanction for failure to properly disclose the witness. The State appeals, arguing that (1) Defendant's motion for sanctions was untimely; and (2) the district court did not adequately explain its reasoning. We affirm.

### BACKGROUND

**{2}** A grand jury indicted Defendant and on February 2, 2016, the district court entered a scheduling order. The case was subject to the Second Judicial District Court's special calendar rule, LR2-400 NMRA(B)(1) (2016).[1] The special calendar rule required, among other things: (a) the State to disclose to Defendant, within twenty-five days after arraignment or waiver thereof, the names and contact information of the State's trial witnesses along with a summary of their expected testimony, LR2-400(G)(1); and (b) the district court to sanction parties for failing to comply with the time limits in a scheduling order, LR2-400(I).

**{3}** On October 6, 2016, Defendant moved to prohibit the State from calling undisclosed witnesses. Defendant argued that the State had not timely disclosed the name of a witness (Witness), his contact information, and a summary of his testimony. The district court granted the motion to exclude the testimony of Witness. The State moved to reconsider, arguing, among other things, that Defendant's motion to exclude the testimony was late. The district court denied the motion to reconsider, noting that "[i]t doesn't take a motion to suppress. If he's not on the witness list, he won't testify." The State appeals.

**DISCUSSION**

**I.      Standard of Review**

**{4}** "We review the district court's imposition of sanctions for an abuse of discretion." *State v. Lewis*, 2018-NMCA-019, ¶ 5, 413 P.3d 484. To the extent that our analysis depends on interpretation of procedural rules, our review is de novo. *Allen v. LeMaster*, 2012-NMSC-001, ¶ 11, 267 P.3d 806.

**II.     The Timing of Defendant's Motion Did Not Preclude Sanctions**

**{5}** The State first argues that Defendant's motion to exclude was untimely under LR2-400(G)(4)(b)(v), which required "[p]retrial motions" to "be filed not less than sixty (60) days before the trial date" in cases such as Defendant's, absent a showing of good cause. The State contends that because Defendant's motion was filed less than sixty days before trial, the district court erred by granting the motion without making any finding of good cause.

**{6}** We disagree. Assuming without deciding that Defendant's motion was late without good cause,[2] the motion's untimeliness did not preclude the district court from sanctioning the State. We have rejected an argument similar to the one the State makes here, concluding that "[a] district court is not prevented from imposing a sanction of dismissal for discovery violations once the motions deadline has passed." *Lewis*, 2018-NMCA-019, ¶ 17. Indeed, the special calendar rule *required* sanctions for every violation. *See* LR2-400(I)(1) (stating that district court "shall impose sanctions"). LR2-

1LR2-400 was recompiled and amended as LR2-308 NMRA, effective December 31, 2016.

2We need not decide whether a motion to exclude a witness as a sanction for failure to timely disclose constitutes a "pretrial motion" for the purpose of LR2-400(G)(4)(b)(v).

400 did not prohibit a sanction because a motion for a sanction was late. Nothing in LR2-400 or any other authority of which we are aware makes the filing of any motion—much less a timely motion—a condition precedent for sanctions. As the district court recognized, it had the authority to impose sanctions sua sponte.

{7} The timing of Defendant's motion does not render the district court's sanction order erroneous.

### III. The District Court Adequately Explained Its Reasoning

{8} The State contends that the district court ran afoul of *State v. Le Mier*, 2017-NMSC-017, ¶ 20, 394 P.3d 959, which requires courts to "evaluate the considerations identified in [*State v. Harper*, 2011-NMSC-044, 150 N.M. 745, 266 P.3d 25]—culpability, prejudice, and lesser sanctions—when deciding whether to exclude a witness and . . . explain their decision to exclude or not to exclude a witness within the framework articulated in *Harper*[.]" Because the district court ordered exclusion before our Supreme Court decided *Le Mier*, we remanded this case to the district court so it could explain its reasoning. *See Lewis*, 2018-NMCA-019 (remanding so that district court could explain its reasons for imposing the sanction). Having carefully reviewed the order the district court entered on remand, we conclude that it addresses all of the *Harper/Le Mier* factors: "culpability, prejudice, and lesser sanctions[.]" *Le Mier*, 2017-NMSC-017, ¶ 20. The order satisfies the explanation requirement.

### CONCLUSION

{9} We affirm the sanction order and remand for further proceedings.

**ZACHARY A. IVES, Judge**

**LINDA M. VANZI, Judge**

**J. MILES HANISEE, Judge**